# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| THOMAS JESSUP, LLC, SERIES III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 2:13-cv-01926-GMN-CWH |
| STEPHEN M. BORYS, an individual; STONE | ) | |
| RIDGE CONDOMINIUM ASSOCIATION; | ) | **ORDER** |
| WELLS FARGO BANK, N.A.; MTC | ) | |
| FINANCIAL INC. d/b/a TRUSTEE CORPS.; | ) | |
| and any and all other persons unknown | ) | |
| claiming any right, title, estate, lien or interest | ) | |
| in the Property adverse to the Plaintiff's | ) | |
| ownership, or any cloud upon Plaintiff's title | ) | |
| thereto (DOES 1 through 10, inclusive), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Emergency Motion to Remand to State Court (ECF No. 8) filed by Plaintiff Thomas Jessup, LLC, Series III ("Plaintiff"). Defendant Wells Fargo Bank, N.A. filed a Response (ECF No. 16) and Defendant filed a Reply (ECF No. 22).

## I.      BACKGROUND

This case arises from a dispute over the ownership of real property located at 2053 Quartz Cliff Street, Unit 203, Las Vegas, Nevada 89117 ("Subject Property"). (Compl. ¶ 8, ECF No. 1-3.) Plaintiff claims that it "purchased [the Subject Property] . . . at a properly noticed foreclosure sale in accordance with NRS 116.3116 through 116.31168, inclusive." (*Id.*) Plaintiff's Complaint recognizes that Defendant Stephen M. Borys, the former owner, ("Borys"); Defendant Stone Ridge Condominium Association ("HOA"); Defendant Wells Fargo Bank, N.A. ("Wells Fargo"); and Defendant MTC Financial Inc. d/b/a Trustee Corps.,

may all claim interest in the Property. (*Id.* ¶¶ 2–5, 11.)  However, Plaintiff's Complaint further alleges that "none of the Defendants had a valid interest in the Property subsequent to at [sic] the time of the foreclosure sale." (*Id.* ¶ 12.)  For this reason, Plaintiff filed the instant action in Nevada state court seeking (1) Quiet Title; and (2) Declaratory Relief. (*Id.* ¶¶ 14–19.)  Subsequently, on October 21, 2013, Wells Fargo removed the action to this Court claiming that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice of Removal 1:26–5:2, ECF No. 1.)  Wells Fargo further claims that complete diversity exists among the parties because Plaintiff is a citizen of Nevada (*id.* at 2:2–3) and because the only defendants alleged to be from Nevada, Borys and the HOA (the "Nevada Defendants"), are fraudulently joined and should not be considered when determining whether complete diversity exists (*id.* at 2:11–4:10).

## II.   **LEGAL STANDARD**

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and

the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  In this case, Wells Fargo

asserts only that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

§ 1332(a).  District courts have subject matter jurisdiction over civil actions where no plaintiff

is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.

28 U.S.C. § 1332(a).

### III.    **DISCUSSION**

For the reasons discussed below, the Court concludes that Wells Fargo has failed to

establish diversity of citizenship between the Plaintiff and all of the Defendants.

Wells Fargo provides extensive argument as to the reasons that a potential claim by

Borys and/or the HOA would fail.  Essentially, Wells Fargo contends that, because, in Wells

Fargo's opinion, such a claim would fail, these claimants need not be included in the instant

quiet title action.  Accordingly, Wells Fargo asserts that these claimants are fraudulently joined.

Wells Fargo's opinion demonstrates its misunderstanding of the applicable legal

standard.  It is well established that "fraudulently joined defendants will not defeat removal on

diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  There

are two ways to establish fraudulent joinder: (1) the defendant may facially attack plaintiff's

complaint by showing the inability of the plaintiff to establish a cause of action against the non-

diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to

disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris

USA,* 582 F.3d 1039, 1044 (9th Cir.2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc)).  The fact that Plaintiff is likely to prevail over the Nevada

Defendants does not amount to a failure to establish a cause of action against these Defendants.

Therefore, the Nevada Defendants are properly named parties and, as such, destroy complete

diversity and deprive this Court of subject matter jurisdiction.  Wells Fargo has failed to carry

its burden of establishing that this Court has subject matter jurisdiction over this case.

**IV.     CONCLUSION**

    **IT IS HEREBY ORDERED** that this case is remanded to the Eighth Judicial District Court.

    **IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case.

    **DATED** this  21st day of November, 2013.

_____
Gloria M. Navarro
United States District Judge